UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANNA LEAH SELLERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-339-TAV-CCS |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of the the Plaintiff's Motion for Judgement on the Pleadings and Memorandum in Support [Docs. 14 & 15] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17]. Anna Leah Sellers ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **RECOMMEND** that the Plaintiff's motion be **DENIED**, and the Commissioner's motion **GRANTED**.

## I. PROCEDURAL HISTORY

On April 18, 2013, the Plaintiff filed an application for disability insurance benefits and supplemental security income benefits pursuant to Title II and XVI of the Social Security Act, 42

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

U.S.C. §§ 401-403, 1381-1385, claiming a period of disability that began on April 15, 2013. [Tr. 183]. After her application was denied initially and upon reconsideration, the Plaintiff requested a hearing before an ALJ. [Tr. 146]. A hearing was held on May 20, 2015. [Tr. 20-62]. On June 22, 2015, the ALJ found that the Plaintiff was not disabled. [Tr. 14-23]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on June 17, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since her alleged onset date of April 15, 2013. The claimant engaged in substantial activity (SGA) during the following periods: 2007 and 2011-2012. The claimant had SGA level earnings in 2007 for Affordable Discount Reservations, and in 2011-2012 from Vacation Development Corp. In 2007, the claimant was an office manager, who supervised a maintenance man and a housekeeper. In 2011-2012 the claimant worked as a housekeeper in Gatlinburg for Vacation Development Corp delivering breakfast and cleaning eleven rooms. She also cleaned the offices, vending area, and laundry room. Her certified earnings report shows income of $16,330 in 2011 and $17,522 in 2012. The claimant also has posted earnings of $628 in 2013.
>
> 3. The claimant has the following severe impairments: obesity, degenerative disc disease (DDD) of the back, affective disorder, anxiety disorder, personality disorder, and gout (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could occasionally climb ramps or stairs and occasionally climb ladders, ropes, and scaffolds. She could occasionally balance, stoop, kneel, crouch, or crawl. The claimant can perform jobs that do not require concentrated exposure to extreme cold, wetness, moving and hazardous machinery, or work around unprotected heights. The claimant could perform jobs requiring simple and detailed routine and repetitive tasks in work with infrequent routine changes in job duties. The claimant could sustain occasional brief and superficial interaction with coworkers and the public.

6.  The claimant is unable to perform any past relevant work.  (20 CFR 404.1565 and 416.965).

7.  The claimant was born on August 9, 1964 and was 48 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

3

[Tr. 16-23].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

4

## IV. ANALYSIS

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

5

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4), -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

On appeal, the Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because "the ALJ purports to rely upon" the opinion of consultative examiner, Jeffery Summers, M.D., yet did not incorporate all of his limitations into the RFC. [Doc. 15 at 8-11]. Specifically, the Plaintiff submits that Dr. Summers concluded the Plaintiff would have difficulty reaching, but the RFC does not include a reaching limitation or an explanation for declining to include one. [*Id.* at 8-9]. As a result, the Plaintiff contends that the ALJ's step five determination is likewise unsupported by substantial evidence because the jobs identified by vocational expert testimony, which testimony the ALJ relied on in making her step five determination, require a reaching ability that is at odds with Dr. Summers's opinion. [*Id.* at 9].

Dr. Summers performed a one-time consultative examination on July 8, 2013. [Tr. 371-74]. The Plaintiff reported problems with diabetes and her joints, including stiffness, swelling, and aching pain in her neck, shoulders, lower back, knees, and feet. [Tr. 371]. The Plaintiff identified certain activities, such as twisting and turning her head, elevating her arms above shoulder level, and reaching, pushing, and pulling, increased her neck and shoulder pain. [*Id.*]. In

6

addition, her back, knee, and foot pain increased with bending, stooping, kneeling, squatting, crouching, crawling, climbing, and lifting greater than 20 pounds.  [*Id.*].  X-rays of the lumbar spine showed normal vertebral alignment, mild-to-moderate degenerative changes, and mild reactive sclerosis.  [Tr. 375].

On examination, the Plaintiff exhibited normal findings throughout except decreased cervical and lumbar range of motion.  [Tr. 373].  Dr. Summers's impression was osteoarthritis and controlled type two diabetes.  [*Id.*].  Dr. Summers concluded that "it is reasonable to expect that [the Plaintiff] will have difficulty twisting and turning her head, elevating her arms above shoulder level, and reaching, pushing, and pulling," in addition to "difficulty bending, stooping, kneeling, squatting, crouching, crawling, climbing, and lifting greater than 20 lbs."  [Tr. 374].  Dr. Summers opined that the Plaintiff would tolerate all other work related activities and "maintains the ability to work from a seated position, the ability to operate hand and foot controls, and perform clerical work, retail work, etc. for 8 hrs. in a single workday."  [*Id.*].

In the disability determination, the ALJ discussed Dr. Summers's examination findings and conclusions.  [Tr. 20].  After discussing other evidence in the record, as well as the Plaintiff's credibility, the ALJ gave "great weight to the July 2013 statement of Dr. Summers that the claimant would have some difficulty with postural activities and lifting more than 20 pounds.  His opinion is consistent with exam findings and the record as a whole."  [Tr. 21].  The ALJ also gave great weight to the opinions on non-treating, non-examining state agency physicians who opined limitations consistent with light work.  [Tr. 21, 86-87, 105-06].  At step five, the ALJ relied on the testimony of a vocational expert who identified several jobs that a hypothetical individual the same age, education, work experience, and RFC as the Plaintiff could perform, including office helper, *Dictionary of Occupational Title* ("*DOT*") #239.567-010, textile checker, *DOT* #221.587-010, and

7

production assembler, *DOT* #729.687-010. [Tr. 22, 59-60]. According, to the *DOT*, each job requires frequent reaching. U.S. Dep't of Labor, *DOT* §§ 239.567-010, 1991 WL 672232, 221.587-010, 1991 WL 672051, and 729.687-010, 1991 WL 679733 (4th Ed. 1991).

The Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the decision "purports to rely upon" Dr. Summers's opinion but ignores the reaching limitation opined therein. The Court is not persuaded. The ALJ did not assign great weight to the entirety of Dr. Summers's opinion, but rather to Dr. Summers's statements "that the claimant would have some difficulty with postural activities and lifting more than 20 pounds." [Tr. 21]. Moreover, even if the ALJ had assigned great weight to the entire opinion in general, the ALJ was not required to incorporate every limitation opined by Dr. Summers into the RFC. *See Moore v. Comm'r of Soc. Sec.*, No. 1:13-CV-00395, 2013 WL 6283681, at *7 (N.D. Ohio Dec. 4, 2013) (finding that the assignment of "great weight" to a consultative examiner's opinion did not require that the ALJ adopt the stated limitation related to the claimant's inability to operate hand and foot controlled devices more than occasionally). As observed by our appellate court, "to require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the [medical] source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (internal quotation marks and citation omitted).

The Plaintiff further suggests that "difficulty" with reaching, as opined by Dr. Summers, is a postural activity and an activity that the ALJ should have likewise limited to an occasional basis. [Doc. 15 at 9]. Social Security Ruling 96-8p, however, defines reaching as a manipulative activity, not a postural activity which includes such functions as stooping or climbing. 1996 WL

8

374184 (July 2, 1996).  Furthermore, Dr. Summers merely stated that it would be reasonable to expect the Plaintiff to have "difficulty" with reaching, not that the Plaintiff should be limited to reaching on an occasional or less than frequent basis.  Therefore, the fact that the jobs identified by the vocational expert may require frequent reaching is not necessarily inconsistent with Dr. Summers's opinion.[2]

Regardless, the Court finds that substantial evidence supports the ALJ's consideration of Dr. Summers's opinion and the weight the opinion received.  The Plaintiff maintains that the ALJ was required to explain why the RFC does not include a reaching limitation.  To the contrary, "an ALJ is not required to discuss all of the relevant evidence in the record, nor is he required to comment on every finding in a medical opinion."  *Dycus v. Astrue*, No. 3:12-CV-78, 2012 WL 4215829, at *7 (E.D. Tenn. Aug. 30, 2012), *adopted by*, No. 3:12-CV-78, 2012 WL 4172138 (E.D. Tenn. Sept. 18, 2012); *see Carter v. Comm'r of Soc. Sec.*, 137 F. Supp. 3d 998, 1008 (S.D. Ohio 2015) ("An ALJ is not required to discuss every piece of evidence in the record or include every limitation in a RFC.").  Put another way, "an ALJ is not required to explain each limitation or restriction he adopts or, conversely, does not adopt from a consultative examiner's opinion.  While an ALJ must consider medical opinions, the RFC determination is expressly reserved to the Commissioner."  *Purtty v. Comm'r of Soc. Sec. Admin.*, No. 1:13 CV 1204, 2014 WL 3510991, at *9 (N.D. Ohio July 10, 2014) (citing 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927, and

---

[2] The Court notes that the job office helper identified by the vocational expert, despite requiring frequent reaching, appears consistent with Dr. Summers's conclusion that the Plaintiff could perform clerical work.  "When an expert testifies that a claimant can perform multiple jobs and at least one of those jobs does not conflict with the DOT and exists in significant numbers in the national economy, a decision by the SSA based on the expert's testimony is supported by substantial evidence."  *Brown v. Barnhart*, 408 F. Supp. 2d 28, 36 (D.D.C. 2006).

9

416.945(a)(1); *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 198 (6th Cir. 2004)). Indeed, as a one-time consultative examiner, Dr. Summers was not due any special degree of deference. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) ("Dr. Ruff examined Mr. Barker on only one occasion, and the rationale of the treating physician doctrine simply does not apply here. Dr. Ruff's report was entitled to no special degree of deference."). Rather, "[t]he Commissioner [] weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)). "Other factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion." *Id.* (quoting 20 C.F.R. § 404.1527(c)(6)).

Here, the ALJ explained that great weight was due to Dr. Summers's conclusion that the Plaintiff would have difficulty with postural activities and lifting more than 20 pounds because said limitations were consistent with examination findings and the evidence of record. [Tr. 21]. The ALJ properly weighed Dr. Summers's opinion and gave a reasoned explanation for the weight assigned. The ALJ was not required to apply greater scrutiny in weighing Dr. Summers's opinion, nor was she required to provide an explanation as to why she did not include a reaching limitation or interpret Dr. Summers's opinion as assessing a limitation of occasional reaching. *See Purtty*, No. 1:13 CV 1204, 2014 WL 3510991 at *9.

The Court also finds the omission of a reaching limitation supported by substantial evidence. The ALJ gave great weight to the state agency physicians who reviewed the record, including Dr. Summers's opinion, and opined that the Plaintiff did not have any manipulative restrictions. [Tr. 87, 106]. Additionally, the ALJ found that the Plaintiff was not entirely credible because she remained capable of performing household chores, such as cooking simple meals,

10

caring for a dog, doing laundry and dusting, as well as grocery shopping and using the computer. [Tr. 21]. Finally, the Plaintiff has not cited to any evidence to support a finding that she can only reach occasionally. Accordingly, the Court finds that substantial evidence supports the ALJ's RFC determination and her consideration of Dr. Summers's opinion.

Having found that substantial evidence supports the ALJ's RFC determination, the Court finds the hypothetical question posed to the vocational expert, and the ALJ's reliance on the vocational expert's response, was appropriate and constitutes substantial evidence at step five that other jobs exist in the national economy that the Plaintiff can perform. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

11

## V.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS**[3] that the Plaintiff's Motion for

Judgment on the Pleadings [**Doc. 14**] be **DENIED**, and the Commissioner's Motion for Summary

Judgment [**Doc. 16**] be **GRANTED**.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

_____

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

12